Opinion issued August 4, 2010

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00592-CR

———————————

IN RE PATRICK ALLEN PALACIOS, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus  



 



 

MEMORANDUM OPINION

          Relator, Patrick Allen Palacios, has
filed a petition for writ of mandamus, requesting that this Court compel
respondent[1] to rule on a post-conviction
motion to void his sentence in trial court cause number 869064.  See
Tex. Code
Crim. Proc. Ann. art. 11.07
(Vernon Supp. 2009).  We dismiss
the petition.

 Relator was convicted in trial court cause
number 869064 of the offense of capital murder and sentenced to confinement for
life.  Relator appealed his conviction, and the appeal was
assigned to this Court as appellate number 01-02-00498-CR.   On June 12, 2003, we issued an opinion
affirming the trial court’s
judgment.  See Palacios v. State, 01-02-00498-CR,
2003 WL 21357328, at *7  (Tex.
App.CHouston [1st Dist.] Jun. 12, 2003,
pet. ref’d)(mem. op.).  Our mandate
issued on December 9, 2003.  The trial
court’s judgment of conviction is final.

           We have no authority to order a district court
judge to rule on a motion to vacate and void a sentence in a felony case in
which the judgment is final.  See In re McAfee, 53 S.W.3d 715, 718 (Tex.
App.—Houston [1st Dist.] 2001, orig. proceeding).  This is because the Texas Court of Criminal
Appeals has jurisdiction over matters related to final felony convictions.  Tex.
Code Crim. Proc. Ann. art. 
11.07.  See Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex.
Crim. App. 1991).  

          Therefore,
we dismiss the petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Jennings, Alcala, and
Massengale.

Do not publish. 
 Tex. R. App. P. 47.2(b).











[1]
          The Honorable Kevin Fine, Judge,
177th District Court, Harris County, Texas. 
We note that relator’s certificate of service states he served his
petition for writ of mandamus on the Clerk of the First Court of Appeals.  The certificate does not state that he served
Judge Fine with a copy of his petition for writ of mandamus.  See
Tex.
R. App. P. 9.5.